

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 31, 1951

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1270

Re: Legality of expending
funds appropriated to
the State Board of
Education, the State
Board for Vocational
Education, and the
State Department of
Education to purchase
business machines for
use by all three of
these components of
the Central Education
Agency.

Dear Sir:

Your request for an opinion relates to the
authority of the State Board of Education to approve
the purchase  of business machines from funds appro-
priated by the General Appropriation Bill to be used
by the State Board of Education, the State Board for
Vocational Education, and the State Department of
Education for the biennium ending August 31, 1951.
You have stated that the Legislative Audit Committee
approved the operating budget for the Texas Educa-
tion Agency for the fiscal year 1950-51 specifying
the amount budgeted to regular salaries and the
amount budgeted to other operating expenses, author-
izing the transfer of unexpended balances in the
regular salaries budget to the other operating ex-
penses budget.

House Bill 322, Acts 51st Leg., R.S. 1949,
ch. 615, p.1208, at p. 1237, provides in part:

"Subject to the limitations appearing
at the end of this Act there is hereby ap-
propriated for each of the fiscal years of
the biennium ending August 31, 1951, the
sum of Thirty-five thousand Dollars ($35,-
000) to the State Board of Education, the
sum of Fifty Thousand Dollars ($50,000) to
the State Board of Vocational Education.

and the sum of Four Hundred and Ninety Thousand Dollars ($490,000) to the State Department of Education from the Foundation School Fund, created by Senate Bill 117, Acts of the Regular Session, 51st Legislature, 1949, and the sum of Seventy-five Thousand Dollars ($75,000) to the Textbook Division of the State Department of Education from the State Textbook Fund for salaries, per diem of Board Members, office supplies and equipment, traveling expenses, and other necessary expenses.

"The expenditure of the above appropriations shall be subject to the approval of the Legislative Audit Committee, and none of the funds herein provided shall be spent until such approval shall have been obtained."

We understand that no question is raised concerning approval of the expenditure by the legislative Audit Committee, it having been represented that such approval has been made in this instance.

Article 2654-1, V. C. S., provides in part:

"Section 1. There is hereby established a Central Education Agency composed of the State Board of Education, the State Board for Vocational Education, the State Commissioner of Education, and the State Department of Education. It shall carry out such educational functions as may be assigned to it by the Legislature, . . ."

Article 2654-3, V.C.S., provides in part:

"Section 1. The State Board of Education is hereby declared to be the policy forming and planning body for the Public School System of the State. It shall also be the State Board for Vocational Education, and as such, said Board shall have all the powers and duties conferred upon it by the various existing statutes now in

effect relating to the State Board for
Vocational Education.

"Sec. 2. It shall have the duties
and powers prescribed in the statute for
the State Board of Education and the
State Board of Vocational Education. .
. . it shall have the specific responsi-
bility for adopting policies, enacting
regulations and establishing general
rules for carrying out the duties placed
upon it or upon the Central Education
Agency by the Legislature. The State
Commissioner of Education shall be the
executive officer through whom the State
Board of Education and the State Board
of Vocational Education shall carry out
its policies and enforce its rules and
regulations. . . ."

As shown by the above statutes, the agencies
enumerated in the appropriation are component parts
of the Central Education Agency, and we think it is
necessary that they function as a unit in order to
carry out the legislative mandate clearly expressed
in the statutes. Cooperation between the divisions
is necessary in order that the appropriation may be
expended in a manner to effectuate the legislative
intent. Att'y Gen. Op. O-4674 (1942).

It is to be noted that specific authoriza-
tion is contained in the foregoing appropriation for
the purchase of office supplies and equipment, and
it is our opinion that the term "office supplies and
equipment" is sufficiently broad in scope to cover
the purchase of business machines which are to be
utilized in the offices of the State Board of Educa-
tion, State Board for Vocational Education, and the
State Department of Education. The provision relat-
ing to the pruchase of these machines, being plain
and unambiguous and not susceptible of construction,
in our opinion, authorizes the purchase of business
machines as outlined in your opinion request.

## SUMMARY

Sufficient authority is contained
in House Bill 322, Acts 51st Leg., R.S.
1949, ch. 615, p. 1208 (General Appro-
priation Bill), as it relates to

the State Board of Education, State
Board for Vocational Education, and
the State Department of Education,
for the purchase of business machines
for use by such boards and department.

APPROVED:                          Yours very truly,

J. C. Davis, Jr.                      PRICE DANIEL
County Affairs Division             Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson                By _____
Acting First Assistant              Burnell Waldrep
                                         Assistant

BW:awo